*M. R. Brailey* and *C. K. Friedman,* for plaintiff in error.

*King & Tracy,* for defendant in error.

---

### FIDELITY BONDS RENDERED INVALID.

[Circuit Court of Lucas County.]

IMPERIAL BUILDING & LOAN CO. v. UNITED STATES FIDELITY & GUARANTY CO.

Decided, October 19, 1901.

*Fidelity Bond—False Answers by Applicant For—Render the Bond Invalid, When.*

Answers by an applicant for an indemnity bond, to the effect that he had never applied to another company for bond and had never been refused bond by another company, are material and vital; and where such answers are false, and the party for whose benefit the bond was executed had knowledge of their falsity, the bond is rendered invalid.

PARKER, J.; HAYNES, J., and HULL, J., concur.

In the court below the parties stood in the same position upon the record as they stand in this court, The Imperial Building & Loan Company being the plaintiff and The United States Fidelity & Guaranty Company the defendant. The action was upon an undertaking by the defendant guaranteeing the faithful performance by one James Thomas Morris, of Mansfield, Ohio, of his duties as agent for the plaintiff. It appears that as agent for the plaintiff he had colletced some $524.75, which he had embezzled. Defendant had given bond to indemnify the plaintiff against any frauds of this character upon the part of

386   CIRCUIT COURT REPORTS—NEW SERIES.

Imperial B. & L. Co. v. U. S. Fidelity, etc., Co. [Vol. III, N. S.

Morris. Morris,. upon being required by the plaintiff to give some surety for the faithful discharge of his duties, had made application to the defendant to guarantee his fidelity.

In the application, which was upon a blank furnished by the defendant, certain questions were asked of him and answered by him, and among others, these:

"Q. Have you ever applied for a bond in this or any other company? A. No.

"Q. If so, state name of company, the date, name of employer, and whether accepted or declined. A. No.

"Q. Have you ever been refused the issue or continuance of a bond on your fidelity by any company? If so, give particulars. A. No."

The employer, the plaintiff, was also required to make a statement, upon a blank furnished by the company, and the statement which it made reads as follows:

"The replies of the applicant herein are to the best of my knowledge and belief correct. He has been in the service of the undersigned employer since December 1, 1898, filling position of solicitor, and has continuously filled the position for which this bond is required since December 1, 1898, but we add new duties now. He has always, to the best of my knowledge and belief, given satisfaction in his personal conduct and performance of duties, and kept his accounts faithfully and without default."

There is more of this, but the material part is, "The replies of the applicant herein are to the best of my knowledge and belief correct." This is signed by T. E. Brady, the secretary of the company, on behalf of The Imperial Building & Loan Company, the employer.

It appears that shortly before this application was made to the defendant, Morris had made application to another company, The American Surety Company, for a bond of this character to be given to this same employer, which application said company rejected, and that this secretary of the plaintiff was aware of that fact, and of the fact that The American Surety Company had not passed favorably upon the application, is fairly inferable from the evidence. There is correspondence between the secretary of the plaintiff' company and Morris, indicating

that they were both aware of the fact that this application had not been accepted, but had been rejected, before these answers that I have read were made by them respectively.

The falsity of these answers is adduced as a defense to the action upon the bond. Without entering into a full discussion of the matter, we have simply to say that we regard the representations contained in these answers to these questions as being material and vital. They are representations with respect to matters about which the defendant had a right to be informed, as affecting the hazard involved in the giving of this bond. They are similar in character and of like effect with representations made by a person applying for life insurance; for instance, that he had never been rejected by any other company; or by a person applying for fire insurance, that the risk had not been rejected by any other company; or that he had not suffered any loss by fire. If truthful answers had been made to these questions, it can not be doubted but the defendant would have at once rejected the application, or at least have advised itself as to the grounds upon which The American Surety Company had rejected the application. The defendant had the right to know the facts, and to require truthful answers to these questions.

The judgment of the court below was in favor of the defendant upon this defense, and we discover no error in that.

It is also contended that the bond is not broad enough in its terms to cover this particular occupation, but upon that question also we think the conclusion of the court below was correct. Therefore the judgment of the court of common pleas will be affirmed.

*Clayton W. Everett,* for plaintiff in error.

*Chittenden & Chittenden,* for defendant in error.